UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **TERRY KEITH PENNINGTON,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     **vs.** ) | **CASE NO. 3:12-CV-4191-SLB** |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
|     **Defendant.** ) | |

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to Alter or Amend the Court's Order and Opinion Filed March 28, 2014. (Doc. 14.)[1] On March 28, 2014, the court reversed the decision of the Commissioner of Social Security denying Terry Keith Pennington's application for a period of disability, supplemental security income, and disability insurance benefits, and remanded the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 12.) In the Motion, defendant contends that the court's decision and Order contain manifest errors of law, and thus, should be altered or amended. Having carefully reviewed the court's previous opinion, defendant's Motion, the record, and the relevant law, the court finds no error of law and is of the opinion that Defendant's Motion Pursuant to

---

[1] Reference to a document number, ("Doc. ___"), refers to the number assigned to each document as it is filed in the court's record.

Rule 59(e) of the Federal Rules of Civil Procedure to Alter or Amend the Court's Order and Opinion Filed March 28, 2014, (Doc. 14), is due to be denied.

## MOTION TO ALTER OR AMEND

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The standard that must be met is a high one: "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999)); *see also Evans v. Books-A-Million*, CV-07-S-2172-S, 2012 WL 5954118, at *1 (N.D. Ala. Nov. 28, 2012) ("Rule 59(e) is silent regarding the substantive grounds for a motion to alter or amend. Even so, courts have identified three circumstances that may justify granting such motions: (1) an intervening change in controlling law; (2) newly available evidence; and (3) the need to correct clear errors of law or fact.").

In other words, a "Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (alteration in original) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)); *see also O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) ("Motions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued."). Moreover, this high standard means that a party's disagreement with the court's decision, absent a showing of manifest error, is not reason enough for the court to grant a motion to alter or amend a

judgment. *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Having read [the] motion, we conclude that it did nothing but ask the district court to reexamine an unfavorable ruling."). Ultimately, these strict rules are in place because "[r]econsideration of a previous order is an *extraordinary* remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sonnier v. Computer Programs & Sys., Inc.*, 168 F. Supp. 2d 1322, 1336 (S.D. Ala. 2001) (citations omitted).

In the Motion to Alter or Amend, defendant argues that the court manifestly erred in reaching its findings by applying an improper standard to review the ALJ's opinion. (Doc. 14 at 2.) Specifically, defendant argues that the ALJ based his finding of no disability on substantial evidence, including plaintiff's daily activities, objective medical evidence, and other factors, (*id.* at 5), and that the court failed to consider the ALJ's alternative finding that plaintiff could perform sedentary jobs existing in significant numbers in the national economy that provide a sit/stand option.[2] (Doc. 14 at 17; *see* R. 32, 52-54.)[3] The court need not specifically address each point raised by the Commissioner, as the court's previous decision finding that the ALJ did not rely on substantial evidence already does so.

---

[2] The ALJ found that plaintiff's residual functional capacity ["RFC"] allowed him to perform past relevant work at the light exertional level, but in the alternative, plaintiff could perform sedentary jobs, such as surveillance systems monitor, final assembler, and bench hand. (R. 32.)

[3] References to page numbers in the Commissioner's record are set forth as ("R. ___").

Additionally, because the court found that the ALJ did not rely on substantial evidence in assessing plaintiff's RFC, the court was not required to explicitly discuss the ALJ's alternative finding that plaintiff can perform sedentary work.

Though the court carefully considered all of the arguments made in the Motion, the defendant's arguments fail because of the high burden a losing party must meet in a motion under Rule 59(e): "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or *manifest errors* of law or fact." *Arthur*, 500 F.3d at 1343 (emphasis added). Despite defendant's disagreements with the Opinion, defendant has not identified any manifest error of law or fact, and the court remains of the opinion that the decision and Order reversing and remanding the Commissioner's decision were correct. Essentially, defendant's arguments request that the court reexamine its prior ruling, but "[r]econsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs*, 626 F.3d at 1344; *see also Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) ("A motion for reconsideration is not an opportunity for the moving party and their [sic] counsel to instruct the court on how the court 'could have done it better' the first time."). Therefore, in light of the high burden that a party filing a Rule 59(e) Motion must meet, the court finds that defendant has failed to show that there has been an intervening change in controlling law, newly available evidence, or a clear error of law or fact, and thus, the Motion to Alter or Amend Judgment will be denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to Alter or Amend the Court's Order and Opinion Filed March 28, 2014, (Doc. 14), is due to be denied. An order in accordance will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 16th day of December, 2014.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE